CHARLOTTE M. BOUDWIN *vs.* THE WILMINGTON CITY RAILWAY COMPANY, a corporation of the State of Delaware.

*Personal Injuries ; to Nervous System—Railway Company—Negligence—Contributory Negligence—Duty of Company and of Traveler—Pleading—Demurrer—Measure of Damages.*

1. An averment in plaintiff's declaration "that the said plaintiff was shaken and jarred violently, whereby she was greatly hurt, shocked and injured, and became and was sick, sore, disordered and nervously prostrated," *held* on demurrer to be a sufficient statement of the injuries complained of.

2. Ordinary care and diligence, when applied to the management of railways, imports all the care which the peculiar circumstances of the place or occasion reasonably require of the servants of the company, and this will be increased or diminished according as the ordinary liability to danger and accident is increased or diminished in the operation of the cars. And a person crossing the railway tracks is also bound to use ordinary care to avoid accident and injury, and such care must be in proportion to the danger to be avoided ; that is, such care as a reasonably prudent person under the peculiar circumstances would exercise.

3. Due care in the case of a railway company means, ordinarily, the timely employment of sufficient signals or warnings of the approach of cars at crossings, the employment of careful and competent motormen and other servants, and the running of the cars at a proper rate of speed. · The greater the peril, the greater the care re-

quired.   It is a general rule of law that persons crossing railroad tracks are bound to the reasonable use of all their senses for the prevention of accident.

4.   A person approaching a railway crossing with which he is familiar must avail himself of his knowledge of the locality and act accordingly.  If, as he approaches the crossing, his line of vision is unobstructed it is his duty to look for approaching cars in time to avoid collision with them ; and if he does not look, and for that reason does not see an approaching car until it is too late to avoid the collision, and he is thereby injured, he is guilty of contributory negligence and cannot recover.  When his view at the crossing is obstructed, greater care is necessary than in places where the view is unobstructed.

5.   Measure of damages,—such sum as will compensate the plaintiff for any injury to her nervous system, and pain and suffering, shown by the testimony to have been caused by the accident.

*(June 18, 1903.)*

Lore, C. J., and Grubb and Pennewill, J. J., sitting.

*John H. Rodney* for plaintiff.

*Walter H. Hayes* for defendant.

Superior Court, New Castle County, May Term, 1903.

Action on the Case, to recover damages for personal injuries to nervous system.

The facts appear in the charge of the Court.

Note.—The narr in the above stated case consisted of two counts, each alleging, as to injuries, "that the said plaintiff was shaken and jarred violently, whereby the said plaintiff was greatly hurt, shocked and injured, and became and was sick, sore, disordered and nervously prostrated."  Defendant demurred specially to said declaration, on the ground "that each of said counts wherein they relate to personal injuries of the plaintiff, contains only a general statement of such injuries, and do not fairly and fully inform the defendant of the nature and character of said injuries."

Demurrer overruled.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—In this action Charlotte M. Boud-win, the plaintiff, seeks to recover from the Wilmington City Rail-way Company, the defendant, damages for injury to her nervous system, and pain and suffering, alleged to have been caused by the negligence of the defendant company, on August 8, 1901, at Eighth and Poplar streets, in this city, in running one of its cars at an excessive rate of speed and without giving any proper warning of its approach by ringing the bell or otherwise; by reason of which said negligence said car ran into the wagon in which the plaintiff was riding and caused the injury complained of. Such is the contention of the plaintiff. The plaintiff claims that the defendant company was negligent, *first*, in running the car which caused the accident at an excessive rate of speed, and, *secondly,* in not giving any timely or proper warning of its approach.

The defendant company, on the other hand, contends that it was not guilty of the negligence which caused the injury to the plaintiff; that it exercised all reasonable and proper care and diligence to prevent the accident, and that the injury was caused by the negligence of the plaintiff. The defendant, therefore, denies any and all liability for the injury.

It is admitted in this case that the defendant is a corporation, as alleged in the declaration, and that at the time of the accident it was operating the car in question. You have heard the evidence, gentlemen, and it is now for your consideration and determination, applying thereto the law as we shall declare it to you.

The principles of law applicable to this case have been clearly settled by the courts of this State. This suit is based on negligence, and it is proper that we should explain to you what negligence in legal contemplation is. It has been defined to be the want of ordinary care, that is, the want of such care as a reasonably prudent and careful man would exercise under similar circumstances. What constitutes negligence is a question of law for the Court, but whether negligence exists in the particular case, is a question of fact

for the determination of the jury. It is for you to determine whether there was any negligence that caused the injury complained of, and if there was, whether it was the negligence of the defendant or the plaintiff. And we say to you that the defendant can be held liable only for such negligence as constitutes the proximate cause of the injury.

Negligence is never presumed, but must always be proved; and the burden of proving it rests always upon the plaintiff.

Ordinary care and diligence, when applied to the management of railways, must be understood to import all the care, circumspection, prudence and discretion which the peculiar circumstances of the place or occasion reasonably require of the servants of the defendant company, and this will be increased or diminished according as the ordinary liability to danger and accident, and to do injury to others, is increased or diminished in the movement and operation of the cars. But, on the other hand, it is equally well settled as a principle of law that the plaintiff was also bound at the same time to use ordinary prudence, care and diligence to avoid the accident and injury which occurred to her on that occasion, and the care and diligence which she is bound to exercise must be in proportion to the danger to be avoided; that is to say, she was bound to use such care, prudence and diligence as a reasonably prudent person under the peculiar circumstances of the case would exercise to preserve himself from being injured.

Due care in the case of a railway company means, ordinarily, the timely employment of sufficient signals or warnings giving notice of the approach of cars at crossings, etc., the employment of competent motormen or other servants, and the running of cars at a proper and reasonable rate of speed. And we will say to you that the greater the peril to the individual, the greater the care required of the company, and of prudent and due caution on the part of the individual also. At places of great danger great care must be taken by both parties. This, after all, is but common sense, the force of which must be evident to everyone.

If the defendant company failed to make use of such usual and appropriate means to warn the plaintiff at the time of the accident it would be negligence on its part, and if the accident occurred by reason of its failure to do so, the defendant would be liable for the injury to the plaintiff, provided the plaintiff did not by her own negligence or want of care contribute in some degree to her injury.

For it is a general rule of law that persons crossing railway tracks are bound to the reasonable use of all their senses for the prevention of accident, and also to the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise under like circumstances.

A person approaching a railway crossing with which he is familiar, must avail himself of his knowledge of the locality and act accordingly. If, as he approaches the crossing, his line of vision is unobstructed, it is his duty to look for approaching cars in time to avoid collision with them, and if he does not look, and for this reason does not see an approaching car until it is too late to avoid a collision, and he is thereby injured, he is guilty of contributory negligence and could not recover therefor. When the view at the crossing is obstructed, greater care is necessary than in places where the view is unobstructed.

If a person drives up to a railway crossing and upon it, not only without stopping but without looking out or listening to ascertain if any cars are approaching, and a collision and injury occurs to him from a passing car, which would have been prevented had the person so injured exercised the proper and ordinary prudence, care and caution mentioned, such person would be guilty of contributory negligence, and could not recover from the railway company for such injury.

If you should believe from the preponderance of the evidence in this case that at the time of the accident the defendant company was not exercising ordinary care and diligence, such as we have defined it; that is, all the care and circumspection, prudence and

discretion that an ordinarily prudent and careful person would have exercised under the circumstances, and that the want of such care and diligence was the proximate cause of the injury to the plaintiff ; and shall also believe that the plaintiff was free from any negligence that contributed in any way to her injury, then your verdict should be for the plaintiff.

But if you should believe that it has not been shown by the preponderance, that is the weight of the testimony, that the negligence of the defendant was the proximate cause of the injury to the plaintiff, or if you should believe that the negligence of the plaintiff herself contributed to the injury complained of, your verdict should be for the defendant company.

If you find for the plaintiff, your verdict should be for such sum as you believe from the testimony will reasonably compensate her for any injury to her nervous system, and pain and suffering, shown by the testimony to have been caused by the accident.

Verdict for defendant.